UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Shawn Evans, 11-A-0681,

                        Plaintiff,

      v.

Officer P. Murphy et al.,

                       Defendants.

**Decision and Order
and
Report and Recommendation**

12-CV-365V

---

**I.    INTRODUCTION AND BACKGROUND**

*Pro se* plaintiff Shawn Evans ("Evans") filed an amended complaint on May 10, 2012 and a supplement on August 22, 2012, both under 42 U.S.C. § 1983. (Dkt. Nos. 3, 9.) Evans alleges a verbal threat of assault on December 31, 2011 to deter him from filing administrative grievances. Evans alleges an actual assault on January 13, 2012 and retaliation for a grievance having been filed. Following discovery and various pretrial motion practice, the Court noted that discovery ended and that the case was ready for trial. (Dkt. No. 82.)

Since the Court deemed the case ready for trial, two sets of events have occurred. First, defendants asked District Judge Lawrence J. Vilardo, in court and by motion, for permission to file a second motion for summary judgment. (Dkt. Nos. 103–05.) That matter will run its course before Judge Vilardo. Second, Evans filed a blizzard of 11 motions seeking a wide variety of relief including extensions, additional discovery, and prospective or injunctive relief. (Dkt. Nos. 117, 119, 120, 121, 122, 123, 126, 127, 128, 129, 130.) For the sake of clearing the docket of any

matters not related to defendants' request for a second summary-judgment motion, the Court writes now to address each of Evans's motions.

## II.  DISCUSSION

### A.  *Motion for General Extension of Time (Dkt. No. 117)*

This motion, written more or less in letter format, is one page long.  Evans generally requests an "extension to file a response to any outstanding motion that's pending in front of you." (Dkt. No. 117 at 1.)  Since this motion does not refer to any specific motion actually pending, the Court has nothing to decide here.  The Court accordingly denies the motion but without prejudice to seek appropriate extensions to address any specific matters that will remain pending before Judge Vilardo after this writing.

### B.  *Motion for a Conference Under Rule 59 (Dkt. No. 119)*

In this three-page motion, Evans invokes Rule 59 of the Federal Rules of Civil Procedure and requests a conference "in regard to this matter be[ing] resolved." (Dkt. No. 119 at 2.)  Rule 59 concerns requests for new trials and requests to alter or to amend judgments.  No trial or judgment has occurred yet in this case, making Rule 59 inapplicable.  Judge Vilardo can schedule future conferences as he sees fit with respect to trial preparation or the pending defense request for a second summary-judgment motion.  Without any other reason to schedule a status conference at this time, the Court denies the motion.

### C.  *Motion for Extension and for Resent Initial Disclosures (Dkt. No. 120)*

Like the previous motion, this motion from Evans also spans three pages.  What Evans seeks in this motion is not clear.  There is a mention of responding "to the motion for summary judgment"; there is no motion for summary judgment pending, though Evans might be referring

2

to the defense request for permission to file a second motion for summary judgment. The motion also contains references to reinstating an unspecified motion; compelling unspecified discovery; obtaining an extension for time to respond "to any outstanding motions in front of your court"; and obtaining additional copies of defendants' initial disclosures because the Assistant Attorneys General who worked on the case up to that point instructed the Elmira Correctional Facility to destroy Evans's legal papers. Even more confusing is that Evans already has responded to the defense motion for permission to file a second summary-judgment motion. (Dkt. No. 108.) The only meaningful part of Evans's motion is the reference to initial disclosures. If Evans wants additional copies of the disclosures that were filed, or of any other item in the docket, then he may write to the Clerk of the Court to request copies of specific docket items. The rest of the motion is meritless. The Court accordingly denies the motion.

### D. Motion for a Conference for Corruption Explanation (Dkt. No. 121)

The only substance in this motion appears in one sentence. Evans seeks a conference "for this corruption with the facility creating fraudulent documents and defrauding the State of New York and doing a lot of unconstitutional misconduct to proceed justice." [sic] (Dkt. No. 121 at 2.) The Court denies this frivolous motion without further comment.

### E. Motion for Refund (Dkt. No. 122)

In this two-page letter motion, addressed to District Judge William Skretny, Evans requests "that the balance of $505.00 dollars for civil docket 14-CV-2138 which was for a case that was dismissed and never charged a filing fee for 12-CV-570 asking refund due to proceeding in forma pauperis." [sic] (Dkt. No. 122 at 2.) Preceding the request for a refund is another discussion

3

about corruption and fraudulent scheming by defendants, including some sort of unlawful conduct involving credit cards registered to an address in Brooklyn, New York.  The Court has seen Evans fixate on corruption and credit card references in at least one other case of his.  (*See* Case No. 13-CV-805, Dkt. No. 92 at 4.)  Whatever Evans might have in mind, it has nothing to do with whether defendants violated his federal civil rights on December 31, 2011 or January 13, 2012.  Any concerns about refunds from other cases can be raised in those respective cases.   The Court accordingly denies the motion.

> **F.  Motion for Prospective Relief (Dkt. No. 123)**

Evans filed this six-page motion on August 4, 2016.  The motion is difficult to understand, but the gist of it is that Evans wants a prisoner release order under 18 U.S.C. § 3626(a)(3).  In support of his motion, Evans makes references to unlawful mental health detentions and corrections officers contaminating prison food with bodily fluids in retaliation for inmate grievances.  Evans has not cited any information from defendants' Rule 26 disclosures that would substantiate any of his allegations in any way.  Additionally, prisoner release orders under Section 3626(a)(3) must satisfy a number of prerequisites, the first two being that "a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order; and the defendant has had a reasonable amount of time to comply with the previous court orders."  18 U.S.C. § 3626(a)(3)(A).  Evans has made no showing that the first two prerequisites have been met, rendering any further analysis unnecessary.

The Court would deny the motion outright, but motions for prospective relief seem to be injunctive or dispositive in nature despite a separate provision in Section 3626 for preliminary injunctive relief.  There appears to be at least one instance in which judges have treated a motion for prospective relief as dispositive, with a Magistrate Judge issuing a recommendation to a District Judge.  *See Alloway v. Hodge*, 72 F. App'x 812, 815 (10th Cir. 2003) (unpublished decision).  Out of an abundance of caution not to exceed the limits of the referral in this case, the Court recommends denial of the motion to Judge Vilardo.

### G.  Motion for Prospective Relief and Supplemental Complaint (Dkt. No. 126)

Evans filed this motion on September 6, 2016 in two cases: this case and Case No. 13-CV-805.  The Court already recommended denial of the motion in Case No. 13-CV-805 (*id.*, Dkt. No. 92 at 5), and District Judge Richard Arcara adopted the recommendation (*id.*, Dkt. No. 105).  For the sake of brevity, the Court incorporates by reference here its recommendation from Case No. 13-CV-805 to deny the motion as both frivolous and repetitive of previously dismissed claims.

### H.  Motion to Produce Video Footage and Audio (Dkt. No. 127)

As with the motion immediately above, Evans filed this motion in both this case and Case No. 13-CV-805.  In Case No. 13-CV-805, the Court denied the motion except to direct those defendants to confirm whether any video footage existed that depicted Evans for the dates relevant to that case.  Those defendants subsequently confirmed the absence of video footage.  (*Id.*, Dkt. No. 101.)  The same approach seems appropriate here.  For the sake of brevity, the Court incorporates by reference its reasoning from Case No. 13-CV-805.  Within 30 days, defendants will confirm whether

any video recordings exist that depict Evans for the dates relevant to this case: December 31, 2011 and January 13, 2012. The Court denies the motion in all other respects.

### I. Motion to Reinstate Original Defendants (Dkt. No. 128)

In this motion, filed on September 9, 2016, Evans seeks to amend his complaint again to add defendants whom he claims were dismissed with prejudice previously. Evans must be confusing pleadings from different cases that he has filed. The docket for this case shows that Evans filed his original complaint on April 25, 2012 and his amended complaint on May 10, 2012. Evans did not change parties between the original and amended complaints, and no orders of dismissal issued between the two filings or at any other time. In any event, even if Evans had some other amendment in mind, he has not done nearly enough to demonstrate the propriety of an amendment at this late stage, long after the Court deemed the case ready for trial. The Court accordingly denies the motion.

### J. Motion for Reconsideration of Dismissed Defendants (Dkt. No. 129)

Evans filed this one-page letter motion on September 9, 2016, the same day as the motion discussed immediately above. Even more obviously than the motion discussed immediately above, this motion cannot be referring to this case. Evans here seems to be suggesting that the current operative pleading in this case has only two defendants in it. A look at the amended complaint and its supplement (Dkt. Nos. 3, 9) shows that the case clearly has more than two defendants. Additionally, as with the motion immediately above, Evans makes reference to restoring defendants, but no order of dismissal ever took any defendants out of this case. The Court accordingly denies the motion.

### *K.  Motion for Extension of Time to File Summary Judgment Motion (Dkt. No. 130)*

In this motion, also filed on September 9, 2016, Evans seeks an extension of time to file a motion for summary judgment.  Evans seeks also to have the Court review his motion to compel discovery at Docket No. 29.  Docket No. 29 was a motion to preclude certain individuals from testifying at trial.  The Court denied that motion previously as premature.  (Dkt. No. 46 at 11.)  If Evans considers Docket No. 29 to have been a motion to compel then either he is referring to some other motion by mistake or his request now makes no sense.  As for the extension of time, Evans essentially is asking for a modification of the August 30, 2013 deadline that the Court had set for the filing of dispositive motions.  (Dkt. No. 46 at 13.)  The Court can modify scheduling orders for good cause, Fed. R. Civ. P. 16(b)(4), but Evans's brief motion is way too conclusory to establish good cause.  The Court accordingly denies the motion without prejudice to bring a meritorious request to Judge Vilardo as part of his consideration of the pending request from defendants for leave to file a second summary-judgment motion.

### III.  CONCLUSION

For the reasons above, the Court respectfully recommends denying Evans's motions for prospective or injunctive relief.  (Dkt. Nos. 123, 126.)  The Court grants Evans's motion for video footage (Dkt. No. 127) in part as explained above and otherwise denies the motion.  The Court denies Evans's other motions (Dkt. Nos. 117, 119, 120, 121, 122, 128, 129, 130) in their entirety.

### IV.  OBJECTIONS

A copy of this combined Decision and Order / Report and Recommendation will be sent to counsel for defendants by electronic filing on the date below.  Also on the date below, the

Court will mail a copy of this writing to Evans at his current address of record.  Any objections to the recommendations must be electronically filed with the Clerk of the Court within 14 days.  *See* 28 U.S.C. § 636(b)(1); FRCP 72.  "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."  *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted).

    SO ORDERED.

                                            __/s Hugh B. Scott_____
                                            Honorable Hugh B. Scott
                                            United States Magistrate Judge

DATED: February 1, 2017