UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Shawn Evans, 11-A-0681,

                              Plaintiff,

    v.

Officer P. Murphy et al.,

                              Defendants.

**Decision and Order
and
Report and Recommendation**

12-CV-365V

---

I.    **INTRODUCTION AND BACKGROUND**

*Pro se* plaintiff Shawn Evans ("Evans") filed an amended complaint on May 10, 2012 and a supplement on August 22, 2012, both under 42 U.S.C. § 1983. (Dkt. Nos. 3, 9.) Evans alleges a verbal threat of assault on December 31, 2011 to deter him from filing administrative grievances. Evans alleges an actual assault on January 13, 2012 and retaliation for a grievance having been filed. Following discovery and various pretrial motion practice, the Court noted that discovery ended and that the case was ready for trial. (Dkt. No. 82.) Evans has told District Judge Lawrence J. Vilardo that he considers the case ready for trial. (Dkt. No. 103.) Defendants disagree and have asked Judge Vilardo, in court and by motion, for permission to file a second motion for summary judgment. (Dkt. Nos. 103–05.) Following supplemental briefing and proceedings (Dkt. Nos. 112, 114, 115), that matter will run its course before Judge Vilardo.

Meanwhile, Evans has filed three motions in addition to others that this Court has addressed before. (Dkt. Nos. 148, 153, 154.) The Court will address the motions below.

## II. DISCUSSION

### A. *Motion for Prospective Relief (Dkt. No. 148)*

Evans filed this seven-page motion on April 13, 2017. The motion is difficult to understand. There are references to a prior motion for a prisoner release order under 18 U.S.C. § 3626(a)(3) (Dkt. No. 123); the Court has addressed that motion already through a Report and Recommendation pending before Judge Vilardo. (Dkt. No. 141 at 4–5.) There is a recitation of some language from the Report and Recommendation along with references to Rule 72 of the Federal Rules of Civil Procedure; these references make unclear whether Evans intended this filing to be objections as opposed to a new motion. There are references to criminal proceedings in state court and video footage from state court that would demonstrate "straight corruption within the state government." (Dkt. No. 148 at 3.) There is a reference to a prior motion (Dkt. No. 91) that Evans filed seeking a trial date from Judge Vilardo.

After reviewing Evans's motion papers, the Court concludes that a response from defendants is not necessary. The arguments in this motion are either frivolous or a repetition of arguments that the Court addressed in its prior Report and Recommendation. For the same reasons, the Court recommends denying this motion.

### B. *Motion for Copies and Trial Date (Dkt. No. 153)*

Evans filed this motion on November 3, 2017. Evans seeks another copy of defendants' initial disclosures; his copy purportedly was lost or destroyed during a prison transfer. The Court presumes that, by "initial disclosures," Evans is referring to the Rule 26 disclosures that defendants filed on October 5, 2012. (Dkt. No. 15.) The Court will arrange to send Evans another copy of the Rule 26 disclosures along with this combined Decision and Order / Report and Recommendation.

2

Evans also seeks a trial date, but any issues related to trial or to the pending request for a second summary judgment motion are best left to Judge Vilardo. Accordingly, the Court grants Evans's motion in part to send him another copy of Docket No. 15. The Court denies the motion to the extent that it seeks any other relief.

### C. Motion for Copy of Video (Dkt. No. 154)

Evans filed this motion on November 3, 2017 also. Evans refers to certain video footage that he apparently never received or reviewed because of a prison transfer. Evans refers to the date of October 5, 2012, which matches the date of filing of defendants' Rule 26 initial disclosures. (Dkt. No. 15.) In their initial disclosures, defendants committed to making arrangements that would allow Evans to review a certain escort video, presumably connected to the alleged assault of January 13, 2012. (Dkt. No. 15 at 3–4.) The Court directs defendants to take reasonable efforts to repeat the arrangements to which they had committed, at Evans's current facility. The Court grants Evans's motion to that limited extent and denies it to the extent that it seeks any other relief.

## III. CONCLUSION

For the reasons above, the Court respectfully recommends denying Evans's motion for prospective relief. (Dkt. No. 148.) The Court grants Evans's non-dispositive motions (Dkt. Nos. 153, 154) in part as explained above and otherwise denies them.

## IV. OBJECTIONS

A copy of this combined Decision and Order / Report and Recommendation will be sent to counsel for defendants by electronic filing on the date below. Also on the date below, the

Court will mail a copy of this writing to Evans at his current address of record. Any objections to the recommendations must be electronically filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72. "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted).

SO ORDERED.

                                                                                        __/s Hugh B. Scott_____
                                                                                        Honorable Hugh B. Scott
                                                                                        United States Magistrate Judge

DATED: March 22, 2018